**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS SANDOVAL, AKA Louis Sandoval, | No. 13-56752 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03690-JAK-JCG |
| v. | MEMORANDUM[*] |
| COUNTY OF LOS ANGELES and MICHAEL BARRAZA, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted November 6, 2015
Pasadena, California

Before: FARRIS, TROTT, and BYBEE, Circuit Judges.

All human beings deserve to be treated with respect. Neither Deputy Barraza

nor Mr. Sandoval recognized that simple truism, or if they did, they thought there

were exceptions to the rule.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Whether there was a reason for Deputy Barraza to exit his car with his gun in his hand or whether Mr. Sandoval failed to follow reasonable demands or many of his other issues raised on appeal are questions of fact for the trier of fact, not the court of appeals. The issue for us is whether the instructions given by the trial court enabled each side to argue its theory of the case and whether those instructions were proper statements of law. We will grant a new trial to prevent a miscarriage of justice, but we will not invalidate a sound jury verdict.

Sandoval appeals the District Court's order entering final judgment in favor of Barraza and denying his motion for a new trial. We have jurisdiction over the appeal under 28 U.S.C. § 1291.

Jury instructions must fairly and fully communicate the applicable law to the jury. *See Mueller v. Auker*, 700 F.3d 1180, 1193 (9th Cir. 2012). The District Court fulfilled this requirement by providing the jury with §1983 form jury instructions and a special instruction on brandishing a weapon. The instructions directed the jury to consider all of the circumstances known to the officer, including the severity of the crime or other circumstances to which the officer was responding and whether his safety was threatened. Informing the jury that brandishing a weapon is a crime was relevant to the determination of whether Barraza was responding to a crime and whether he reasonably approached Sandoval to arrest

him. The jury did not need to be told that Sandoval's words and failure to comply were legal in order to assess whether his actions reasonably caused Barraza to fear for his immediate safety. The judge correctly instructed the jury to consider *all the circumstances* that led Barraza to fire his weapon–this includes legal actions taken by Sandoval and whether Barraza endangered his own safety by acting recklessly.

The denial of the motion for a new trial did not amount to a miscarriage of justice. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). Sandoval's new evidence could have been discovered through the exercise of reasonable diligence before his last trial: the evidence and its importance were known, and the technology and expert witnesses to present it were available. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). The District Court admitted sufficient probative evidence to allow each side to argue its case, without prejudicing the plaintiff or unduly sacrificing court resources or security. Finally, the testimony given was not fundamentally unfair. Our review is limited to that question in the absence of objection. *Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1148 (9th Cir. 2001). The trial was fair. The evidence supports the verdict. **AFFIRMED.**

<u>Sandoval v. County of Los Angeles, et al.</u>, 13-56752

BYBEE, Circuit Judge, concurring:

     I concur in the result.